[L. A. No. 5578.   Department Two.—May 6, 1919.]

In the Matter of the Estate and Guardianship of JOSEPH
YOUNGBLOOD et al., Minors.

[1] GUARDIANSHIP OF MINORS — UNFITNESS OF FATHER — CONDUCT AT
TERMINATION OF PROCEEDING — CONFIRMATION OF FINDING.—Upon
an appeal by the father of certain minors from an order appoint-
ing a brother of their deceased mother their guardian, and denying
the father's petition, the finding that the father was not a fit and
proper person to have their custody, was amply confirmed by his
conduct in assaulting the brother and attempting to assault the
brother's wife immediately after the judge announced his deci-
sion, and had adjourned court.

[2] ID.—FRIVOLOUS APPEAL.—The case having been reopened and evi-
dence of the assault received, the appeal is frivolous and a penalty
should be imposed.

APPEAL from an order of the Superior Court of Los
Angeles County appointing a guardian of minors.   Frederick
W. Houser, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Fred W. Morrison and W. W. Butler for Appellant.

Ingall W. Bull and Harold Larson for Respondent.

WILBUR, J.—This is an appeal by Frank Lomonaco, the
father of Eileen Lomonaco and Francis Lomonaco from an
order appointing J. A. Suraco, a brother of the deceased
mother of said children, their guardian, and denying appel-
lant's petition for letters of guardianship. It appears from
the evidence that Frank Lomonaco and the mother of said
children were divorced by final decree June 20, 1913, upon
the ground of extreme cruelty of the appellant toward his
wife and toward his children. It was therein adjudicated
that the appellant was not a fit and proper person to have the
custody of his children. Their custody was awarded to the
wife, with the privilege on the part of the appellant to visit
his children once a week on Sunday, he being ordered to pay
$25 a month for the support of said children. Appellant only
visited his children once, and although able so to do failed

and refused to pay the $25 a month for their support, paying altogether only $117 for their support. The mother of the children married Joseph Youngblood and in March, 1917, died, leaving an estate which under the terms of the will goes to Eileen and Francis Lomonaco and Joseph A. Youngblood, a child born to her by her second husband. In said will she appointed Joseph Youngblood, her second husband, guardian of her children. Upon the trial of the guardianship proceedings, at which time the petition of the father, appellant herein, and also of the stepfather Joseph Youngblood, were considered, the court orally announced its conclusion that the father was not a fit and proper person to have the custody of his children, and announced that letters of guardianship would issue to the uncle, Joseph Suraco, who had not formally applied for such letters. The court thereupon adjourned, and immediately upon the judge leaving the courtroom appellant made an assault upon Joseph Suraco with a fruit-knife, one cut extending almost the entire length of the left side of Suraco's face, another cut across his forehead, and another through the right side of his nose. He also attempted to stab Mrs. Suraco, the wife of Joseph Suraco, in the back. The court thereupon reopened the case and took testimony showing the nature and character of this assault. [1] We are at a loss to understand why the appellant seeks to have this court reverse the finding of the trial court that he is not a fit and proper custodian of his children, when he has himself so amply confirmed that decision by his own conduct immediately after the conclusion of the court had been announced. There is no merit in the appeal. The effect of this appeal has been to cause the guardian to become unnecessarily liable for attorney's fees.

[2] The judgment is affirmed, respondent to have judgment for one hundred dollars for frivolous appeal.

Lennon, J., and Melvin, J., concurred.